# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

        v.

RICHARD SALCIDO,
            *Defendant-Appellant.*

No. 06-10546

D.C. No.
CR-05-0025-AWI

OPINION

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted
August 13, 2007—San Francisco, California

Filed October 19, 2007

Before: Eugene E. Siler, Jr.,* M. Margaret McKeown, and
Carlos T. Bea, Circuit Judges.

Per Curiam Opinion

---

*The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge
for the Sixth Circuit, sitting by designation.

14119

**COUNSEL**

Daniel J. Broderick, Federal Defender, Robert W. Rainwater, Assistant Federal Defender, Fresno, California, for the defendant-appellant.

McGregor W. Scott, United States Attorney, Sherrill A. Carvalho, Assistant United States Attorney, Fresno, California, for the plaintiff-appellee.

## OPINION

PER CURIAM:

Richard Salcido appeals his conviction and sentence for receipt or distribution of material involving the sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(2), and possession of material involving the sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(4)(B). He argues: (1) the district court erred in admitting movie and image files into evidence because the government did not establish that the movie and image files actually depicted a minor; (2) without this evidence, there is insufficient evidence that he possessed authentic material depicting the sexual exploitation of an actual minor; (3) admission of sexually explicit chat logs was irrelevant and unduly prejudicial since he conceded the issue of knowledge; (4) the district court lacked a sufficient factual basis to enhance his sentence pursuant to USSG § 2G2.2(b)(7)(D); and (5) the district court erred by failing to hold an evidentiary hearing to determine the number of images he possessed. We affirm.

## I.   BACKGROUND

In February 2005, Detective Ken Hedrick of the Stanislaus County Sheriff's Department conducted an investigation into peer-to-peer file sharing of child pornography on the Internet. He utilized a program to locate files containing child pornography by searching for the term "babyj" and compared his search results with a list of known child pornography files. He then obtained a list of IP addresses that had those files available for downloading. Upon finding a computer in California that had child pornography files available for sharing, Hedrick referred the information to the Bureau of Immigration and Customs Enforcement for additional investigation. The Bureau sent a summons to the Internet service provider to obtain subscriber information for the California computer.

Using the subscriber information, Special Agent Mike Prado obtained a search warrant for the address of the defendant, Salcido. When the search warrant was executed in February 2005, two computers and a CD-ROM were seized from the residence. At the time of the search, Salcido initially stated that he had not purposely obtained child pornography, but he would often download it inadvertently while searching for adult pornography. Later, he admitted to purposely obtaining and viewing child pornography over the Internet.

Detective Kevin Wiens conducted a forensic examination of the computer hard drives and CD-ROM found at Salcido's residence. During his examination, Wiens located movie files and still images of child pornography as well as sexually explicit chat logs. Agent Prado had a second interview with Salcido in July 2005. Salcido again initially claimed that any child pornography on his computer was downloaded inadvertently, but he later admitted to using the search terms "kiddie" and "pedo" out of curiosity while using peer-to-peer software. As Prado later testified, these are terms "commonly used in the verbiage . . . of people involved in child pornography." Salcido also told Prado that he felt an adrenaline rush when viewing child pornography because he knew it was illegal and that he was excited by children ages 10 to 13 engaged in sexually explicit activity. He further admitted to having sexually explicit conversations about children via Yahoo! Instant Messenger and to obtaining and distributing child pornography while using the instant messaging service. At this second interview, Salcido also signed a written statement acknowledging that what he had done was "illegal and immoral."

During the trial, the government introduced into evidence five videos and six still images that were found on Salcido's hard drives and CD-ROM. Detective James Smith of the Connecticut State Police testified that he recognized one of the videos based on a previous investigation he conducted in Connecticut. He further testified that he identified one of the

girls who appeared in the video and that he interviewed her several times, for approximately four hours.

## II.   STANDARD OF REVIEW

A district court's decision to admit evidence is reviewed for an abuse of discretion. *United States v. Sua*, 307 F.3d 1150, 1152 (9th Cir. 2002); *United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000). Claims of insufficient evidence are reviewed de novo. *United States v. Odom*, 329 F.3d 1032, 1034 (9th Cir. 2003). There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the government, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* A district court's factual findings during the sentencing phase are reviewed for clear error. *United States v. Bynum*, 327 F.3d 986, 993 (9th Cir. 2003). Under the clear error standard, we will "defer to the district court unless we are 'left with the definite and firm conviction that a mistake has been committed.' " *United States v. MacDonald*, 339 F.3d 1080, 1082-83 (9th Cir. 2003) (quoting *United States v. Crook*, 9 F.3d 1422, 1427 (9th Cir. 1993)).

## III.   DISCUSSION

Salcido's first claim is that the district court erred by admitting the video and image files into evidence because the government did not establish their authenticity. The requirement of authentication prior to admissibility "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). In this case, the government properly authenticated the videos and images under Rule 901 by presenting detailed evidence as to the chain of custody, specifically how the images were retrieved from the defendant's computers. Salcido does not contest that the files were obtained from his computers nor that they appear to be child pornography; rather, he asserts

that the government failed to present evidence that the files depicted an actual minor.

[1] While Salcido frames this as an issue of authenticity, this argument is more properly considered a challenge to the sufficiency of the evidence. *See United States v. Nolan*, 818 F.2d 1015, 1016-17 (1st Cir. 1987) ("Whether the pictures were the kind of visual depictions the law forbids, *i.e.*, ones involving the 'use' of actual minors engaging in sexually explicit conduct, 18 U.S.C. § 2252(a)(2)(A), goes more properly to whether the government presented sufficient evidence to prove all the elements of its case than to 'authentication.' "), *abrogated on other grounds by United States v. Hilton* (*Hilton I*), 363 F.3d 58 (1st Cir. 2004), *withdrawn*, *United States v. Hilton* (*Hilton II*), 386 F.3d 18 (1st Cir. 2004).[1] We agree with the First Circuit's characterization of this argument. Our interpretation is also in line with a recent Sixth Circuit ruling that the government is generally permitted to present child pornographic images and must subsequently present proof that the images depict actual children. *United States v. Sheldon*, 223 F. App'x 478, 483 (6th Cir. 2007) (noting that the government is not required to "*pre*-screen, or *pre*-authenticate, child pornographic images to make sure that they are indeed real").

[2] The principal issue in the case is raised by Salcido's second argument—that the government's evidence is insufficient to prove the videos and images depicted an actual minor. In *Ashcroft v. Free Speech Coalition*, the Supreme Court held that possession of "virtual" child pornography cannot constitute a criminal offense. 535 U.S. 234, 239-40, 258 (2002). As a result, the government has the burden of proving beyond a

---

[1]The First Circuit recently clarified the status of *Nolan* by expressly stating that *Nolan* has not been overruled and by declining to abandon the rule of *Nolan* that expert testimony is not *per se* required to prove that pornographic images depict real children. *United States v. Rodriguez-Pacheco*, 475 F.3d 434, 439, 442 (1st Cir. 2007).

reasonable doubt that the images were of actual children, not computer-generated images. *United States v. Rearden*, 349 F.3d 608, 613 (9th Cir. 2003). Salcido argues that the only evidence from which the jury could have concluded the images depicted genuine child pornography were the images themselves, and he asserts that the government was required to present more evidence, perhaps including expert testimony, on this issue.

**[3]** As the Sixth Circuit noted, "at this time, it appears that no circuit requires that expert evidence be introduced to prove the reality of children portrayed in pornographic images." *United States v. Farrelly*, 389 F.3d 649, 654 n.4 (6th Cir. 2004), *abrogated on other grounds by United States v. Williams*, 411 F.3d 675, 678 n.1 (6th Cir. 2005); *see also United States v. Rodriguez-Pacheco*, 475 F.3d 434, 437 (1st Cir. 2007). We agree with every other circuit that has ruled on the issue that expert testimony is not required for the government to establish that the images depicted an actual minor.[2]

With respect to the quantum of evidence necessary to support a conviction, there seems to be general agreement among the circuits that pornographic images themselves are sufficient to prove the depiction of actual minors. *See*, *e.g.*, *United States v. Irving*, 452 F.3d 110, 121-22 (2d Cir. 2006) (rejecting claim that the government must present extrinsic evidence to prove the reality of children in video images); *United States v. Slanina*, 359 F.3d 356, 357 (5th Cir. 2004) (per curiam) (holding extrinsic evidence was not required to prove reality of children in images); *United States v. Kimler*, 335 F.3d 1132, 1142 (10th Cir. 2003) ("Juries are still capable of distin-

---

[2]For a brief period, the First Circuit had a rule that obligated the government to produce expert testimony to meet its burden of proving images depicted real minors; however, that opinion was subsequently withdrawn. *See Rodriguez-Pacheco*, 475 F.3d at 437-38 (discussing *United States v. Hilton*, 363 F.3d 58 (1st Cir. 2004), and its withdrawal by *United States v. Hilton*, 386 F.3d 13 (1st Cir. 2004)).

guishing between real and virtual images . . . ."); *United States v. Deaton*, 328 F.3d 454, 455 (8th Cir. 2003) (upholding jury determination that images depicted real children even where no additional evidence was presented on the issue). In cases regarding the effect of erroneous jury instructions, some appellate courts have examined the images themselves and determined that actual children were depicted. *See Becht v. United States*, 403 F.3d 541, 549 (8th Cir. 2005) (concluding upon examination of images "that 'no rational juror, if properly instructed' could find that the depictions were not of actual minors"); *United States v. Hall*, 312 F.3d 1250, 1260 (11th Cir. 2002).

On the other hand, the First Circuit had a short-lived opinion that expressly required the government to "introduce relevant evidence *in addition to* the images to prove the children are real." *Hilton I*, 363 F.3d at 64. However, this opinion was withdrawn, *Hilton II*, 386 F.3d 13, and the First Circuit has left the issue open in subsequent decisions. In support of the argument that extrinsic evidence is required to prove the reality of the children depicted, Salcido cites specifically to the district court opinion in *United States v. Frabizio*, 445 F. Supp. 2d 152 (D. Mass. 2006). The court in *Frabizio* ruled that "neither an expert witness nor a lay jury, using only visual means, can determine whether the images in this case are real or virtual to the level of certainty required in a criminal prosecution." *Id.* at 155. It is important to note, however, that *Frabizio* involved only still photographs, whereas video files comprise the bulk of the images obtained from Salcido's computers. Additionally, the court in *Frabizio* specifically noted that its conclusions were limited to the images in the case before it. *Id.* at 159 n.8. As a result, the persuasiveness of the *Frabizio* court's analysis is significantly limited.

When this court faced a similar claim of insufficient evidence in *Rearden*, the conviction was sustained on two bases —Rearden admitted knowledge that one of the images he sent was of a minor, and it was "obvious from the pictures them-

selves" that they depicted minors. *Rearden*, 349 F.3d at 614. Likewise, in this case, we need not decide whether the jury may determine the reality of persons depicted in images based solely on the images themselves. Here, the government presented additional evidence from which the jury could conclude that the images depicted actual children.

**[4]** First, Detective Smith testified that during his investigation in Connecticut, he identified the victim depicted in one of the videos found on Salcido's computer. Smith further testified that he interviewed the girl on several occasions. Based on this information, the jury could have concluded that the girl in the video was an actual person. Further, the jury heard testimony from Agent Prado that Salcido admitted to viewing and downloading child pornography on the Internet. During Prado's second interview, Salcido also admitted his interest in child pornography, particularly in children ages 10 to 13, and stated that he obtained child pornography from individuals he communicated with via Yahoo! Instant Messenger. These admissions provide a basis for the jury to conclude that the defendant knowingly received and possessed child pornography. Viewing the evidence in the light most favorable to the government, we find there is sufficient evidence to sustain the conviction.

**[5]** Salcido next argues that the evidence of sexually explicit chat logs admitted to show knowledge of possession and receipt of child pornography was irrelevant and unduly prejudicial since he conceded the issue of knowledge. However, the chat logs were relevant to establish that Salcido knew the images on his computer depicted minors. Fed. R. Evid. 401. Moreover, the probative value of the chat logs was not substantially outweighed by the danger of unfair prejudice because Salcido's failure to defend on the issue of knowledge did not relieve the government of its burden to prove this element beyond a reasonable doubt. Fed. R. Evid. 403.

**[6]** Salcido also claims that the district court erred by enhancing his sentence pursuant to USSG § 2G2.2(b)(7)(D)

for possessing more than 600 images of child pornography. His argument is twofold: (1) there was an insufficient basis to impose the enhancement, and (2) he was entitled to an evidentiary hearing to determine the number of images he possessed. First, there was a sufficient factual record to impose the enhancement. Agent Prado stated that six videos and 185 still images of child pornography were found on Salcido's hard drives and CD-ROM. Pursuant to USSG § 2G2.2, Application Note 4(B)(ii), each video is considered to contain 75 images. Thus, the number of images possessed at the time of the execution of the search warrant alone is sufficient to support the enhancement. The court also had evidence that as many as ten additional child pornography videos were on Salcido's computer at the time of Detective Hedrick's initial peer-to-peer file sharing investigation. In light of this evidence, the district court did not commit clear error in finding that Salcido possessed more than 600 images.

**[7]** Further, the district court's failure to hold an evidentiary hearing was not error. Rule 32 of the Federal Rules of Criminal Procedure "does not create a 'general right to an evidentiary hearing at sentencing.' " *United States v. Stein*, 127 F.3d 777, 780 (9th Cir. 1997). The district court complied with Rule 32 in this case because Salcido was permitted to file written objections to the presentence report and was given the opportunity to make additional arguments at the sentencing hearing. *See id.* at 780-81 (noting that as long as the district court permits the defendant to rebut a presentence report's recommendation, either orally or through submission of papers, Rule 32 does not require an evidentiary hearing). Therefore, the 108-month sentence imposed by the district court was not unreasonable or erroneous.

AFFIRMED.