MEMORANDUM **
Michael Alberto Berardi appeals from the 97-month sentence imposed following his guilty-plea conviction for possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
*41 Berardi contends that the district court erred by applying a five-level enhancement under U.S.S.G. § 2G2.2(b)(7)(D) because the enhancement disproportionately impacted his sentence, and the government did not prove by clear and convincing evidence that he possessed over 600 images of child pornography. This contention lacks merit. See United States v. Salcido, 506 F.3d 729, 735 (9th Cir.2007); see also United States v. Romero-Rendon, 220 F.3d 1159, 1163 (9th Cir.2000).
Berardi also contends that the district court violated Rule 32(i) of the Federal Rules of Criminal Procedure by failing to rule on his objection regarding whether there was sufficient evidence to support the § 2G2.2(b)(7)(D) enhancement. We conclude that the district court did not err because Berardi’s objection was legal, not factual, in nature. See United States v. Stoterau, 524 F.3d 988, 1012 (9th Cir.2008).
Finally, Berardi contends that his sentence is unreasonable because the district court treated the Guidelines as mandatory, failed to properly analyze the 18 U.S.C. § 3553(a) factors, and did not sufficiently explain its reasons for imposing a lifetime term of supervised release. We conclude that the district court’s sentencing analysis was reasoned and proper, and that Berardi’s sentence is reasonable. See United States v. Carty, 520 F.3d 984, 994 (9th Cir.2008) (en banc); see also United States v. Daniels, 541 F.3d 915, 922 (9th Cir.2008).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.