**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30065 |
| Plaintiff - Appellee, | DC No. CR 07-2063 LRS |
| v. | |
| MICHAEL ALLEN BRIGGS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Argued and Submitted March 4, 2010
Seattle, Washington

Before:    TASHIMA, FISHER, and BERZON, Circuit Judges.

Michael Briggs ("Briggs") was convicted by a jury of conspiracy to possess

with intent to distribute cocaine and methamphetamine and conspiracy to possess a

firearm in connection with a drug trafficking offense.   He now appeals his

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

conviction and the 132-month sentence that followed. We have jurisdiction

pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

Briggs is the unfortunate younger brother of Glen Briggs, a drug dealer and

purported gang member in Yakima, Washington.[1] In 2007, Briggs was convinced

by his older brother to participate in the robbery of a drug "stash house" in

Tacoma, Washington. Unbeknownst to either of the brothers, neither the stash

house nor the drugs it contained was real; they were part of a "reverse sting"

operation set up by the Bureau of Alcohol, Tobacco, Firearms, and Explosives

("ATF"). An undercover ATF agent mentioned the robbery to the Briggs brothers,

they took the bait, and they were ultimately arrested by ATF agents on the day that

the robbery was to take place.

Briggs was charged with two counts of conspiracy and was convicted by a

jury. He was later sentenced to 132 months' imprisonment. He now appeals his

conviction and sentence, challenging both on a number of different grounds.

**1.** First, Briggs asserts that he was the victim of "outrageous government

misconduct." *See United States v. Haynes*, 216 F.3d 789, 797 (9th Cir. 2000). We

---

[1] In an opinion filed concurrently with this memorandum, we affirm Glen Briggs' conviction, but vacate his sentence and remand for resentencing. *United States v. Briggs*, Nos. 09-30108, 09-30111, 09-30115, 09-30116.

review the district court's denial of this claim de novo, *United States v. Williams*, 547 F.3d 1187, 1199 n.9 (9th Cir. 2008), and agree that it was properly denied.

To succeed on his claim of outrageous government misconduct, Briggs must show that the government's conduct in securing his indictment shocks a "universal sense of justice." *Haynes*, 216 F.3d at 797. We see no such infirmity with the reverse-sting operation that led to Briggs' arrest. The government did not "engineer[] and direct[] the criminal enterprise from start to finish." *Id*. Although the government created a fictitious robbery scenario designed to be attractive to the Briggs brothers, *see United States v. Glen Briggs*, No. 09-30108, filed concurrently with this memorandum, it left the planning to Michael Briggs, his brother Glen Briggs, and their associates. Our case law makes clear that this does not rise to the level of outrageous government misconduct. *See Williams*, 547 F.3d at 1199-1201.

2. Briggs next contends that his conviction must be reversed because the prosecutor committed misconduct during his trial. Briggs failed to object to much of this purported misconduct at the time it occurred. Where Briggs raised an objection before the district court, we review his claim of misconduct de novo; otherwise, we review for plain error. *See United States v. Nobari*, 574 F.3d 1065, 1073 (9th Cir. 2009); *United States v. Harrison*, 585 F.3d 1155, 1158 (9th Cir. 2009).

We conclude that no prosecutorial misconduct occurred. To begin with, we see nothing untoward about the prosecutor's use of the phrase "we believe" in his opening statement, and certainly see no plain error. We also do not agree with Briggs' contention that the prosecutor's behavior during Briggs' cross-examination rose to the level of misconduct. To be sure, the prosecutor's cross-examination of Briggs was aggressive, and the prosecutor frequently employed an argumentative style. The district judge, however, was responsive to defense counsel's objections, when those objections occurred, and kept reasonable control over the prosecutor's theatrics. Thus, we cannot say that the prosecutor's behavior warrants reversal of Briggs' conviction.

**3.** Briggs also raises a number of evidentiary challenges to his conviction. Where Briggs objected to the district court's evidentiary ruling, we review for abuse of discretion. *United States v. Salcido*, 506 F.3d 729, 732 (9th Cir. 2007). Otherwise, we review for plain error. *United States v. Gomez-Norena*, 908 F.2d 497, 500 (9th Cir. 1990).

We see no error in any of the evidentiary rulings Briggs has challenged. A jury would have understood that the prosecution's references to Glen Briggs' gang connections and Julian Mora's criminal history were to establish that they were serious about following through with the conspiracy, not as a way of establishing

Briggs' guilt by association. Nor do we find that Detective Steadman testified about an "ultimate issue" in the case; the jury would have understood that he was testifying about why he believed Briggs was serious about joining the conspiracy, not that he actually knew Briggs held that intent.

4.    We also conclude that there was sufficient evidence to convict Briggs of the conspiracies with which he was charged. Numerous government agents testified that Briggs affirmatively and repeatedly indicated that he wanted in on the robbery at the March 28, 2007, planning meeting. Although Briggs testified that he did not participate in the planning meeting and that he did not know about the planned robbery when he was arrested, the jury did not have to believe his testimony. *See United States v. Magallon-Jimenez*, 219 F.3d 1109, 1114 (9th Cir. 2000) ("It is the province of the trier of fact to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." (internal quotation marks omitted)).

5.    Finally, we affirm Briggs' sentence, which we review for reasonableness. *See Gall v. United States*, 552 U.S. 38, 46 (2007). While we recognize that "reverse-sting operations" like the one in this case may risk overstating a defendant's culpability, the district court's sentence took such concerns into account. The court departed downward substantially from the

-5-

recommended Guidelines range of 235-293 months. In fact, its ultimate sentence of 132 months was just 12 months longer than the 10-year mandatory minimum, which would have been in place for a quantity of drugs substantially below those involved in the conspiracy. *See* 21 U.S.C. §§ 841(b)(1)(A)(ii)(II) (establishing 10-year mandatory minimum for crimes involving five kilograms of cocaine), 841(b)(1)(A)(vii) (same for crimes involving 50 grams of methamphetamine). Additionally, Briggs failed to establish that he had neither the intent nor the resources for completing the transaction involving the quantity of drugs required to invoke the mandatory minimum. *See United States v. Naranjo*, 52 F.3d 245, 250 N.13 (9th Cir. 1995).

The difference between the 132-month sentence Briggs received and the 48-month sentence his co-conspirator, Julian Mora, received is also not grounds for overturning Briggs' sentence. Mora pleaded guilty to the charges against him and, in return, the government dismissed the more serious drug-trafficking conspiracy charge, which carried a mandatory minimum of 10 years' imprisonment. *See, e.g.*, *United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009) (finding that disparities in sentences among co-conspirators did not make sentences unreasonable because the defendants were not similarly situated).

**6.** We also reject Briggs' assertion that he should have received the benefit of the safety valve under 18 U.S.C. § 3553(f). The district court found that Briggs had not been entirely truthful, as required by § 3553(f)(5). This factual determination was not clear error. *See United States v. Mejia-Pimental*, 477 F.3d 1100, 1103 (9th Cir. 2007).

**7.** The remainder of Briggs' contentions that his sentence is unreasonable are largely boilerplate and are unconvincing.

Accordingly, the judgment of the district court is

**AFFIRMED.**