NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10090 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00178-JAD-GWF-1 |
| v. | |
| IAN ALEXANDER PINCOMBE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted August 13, 2020[**]
San Francisco, California

Before: GRABER and BRESS, Circuit Judges, and DAWSON,[***] District Judge.

Ian Pincombe appeals his conviction and sentence for coercion of a minor, 18

U.S.C. § 2422(b) (Count 1); possession of child pornography, 18 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

§ 2252A(a)(5)(B) (Count 2); and receipt of child pornography, 18 U.S.C. § 2252(a)(2) (Count 3). We affirm Pincombe's convictions on Counts 1 and 2, vacate his conviction on Count 3, and remand for resentencing.

1. Pincombe's assertion that Congress lacked the power under the Commerce Clause to proscribe the charged conduct fails. *See, e.g.*, *United States v. McCalla*, 545 F.3d 750, 753–56 (9th Cir. 2008); *United States v. Adams*, 343 F.3d 1024, 1028–34 (9th Cir. 2003).

2. The district court's evidentiary determinations were not plainly erroneous. *See United States v. Rizk*, 660 F.3d 1125, 1132 (9th Cir. 2011) (stating standard of review). Files and messages from Pincombe's computer and cell phone helped establish Pincombe's identity as the sole user of those devices, Fed. R. Evid. 404(b)(2), as well as his knowledge that the devices contained child pornography, *see United States v. Ganoe*, 538 F.3d 1117, 1123–24 (9th Cir. 2008) (holding that the admission of child pornography images was not error because the images "were highly probative of the state of mind with which the files were received and possessed"); *United States v. Salcido*, 506 F.3d 729, 735 (9th Cir. 2007) (per curiam) (holding that evidence of sexually explicit chat logs was relevant to establish that defendant knew the images on his computer depicted minors). The evidence also rebutted Pincombe's defense that images on his computer may have been planted by police. Pincombe's files and messages thus were relevant, not unduly prejudicial,

2

and used for proper purposes. *See* Fed. R. Evid. 402, 403, 404(b)(2).[1]

Even if this evidence was admitted improperly, it did not substantially affect Pincombe's rights. The district court gave a proper limiting instruction, which "minimized any possible prejudicial effect of the evidence." *United States v. Soulard*, 730 F.2d 1292, 1303 (9th Cir. 1984). Pincombe also fails to show that the files and text messages at issue "changed the outcome of the trial," *United States v. Bracy*, 67 F.3d 1421, 1433 (9th Cir. 1995), particularly considering the "extensive and strong" evidence connecting Pincombe to the images on his electronic devices, *United States v. Derington*, 229 F.3d 1243, 1247 (9th Cir. 2000).

3. The district court did not plainly err in admitting testimony from Detective Yurek about the forensic examination of Pincombe's electronic devices. Detective Yurek was qualified as an expert by his "several hundred hours of computer forensic training" and his use of the software programs at issue in "hundreds of cases." His methodology also was sufficiently reliable. Fed. R. Evid. 702; *see, e.g.*, *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1191 (9th Cir. 2019) (per curiam). Pincombe's attacks on Detective Yurek's qualifications and methodology go to the weight of Detective Yurek's testimony, not its admissibility,

---

[1] To the extent that Pincombe challenges the admission of his text messages with an individual named "Trina Michelle," his argument was expressly waived below. *United States v. Depue*, 912 F.3d 1227, 1233 (9th Cir. 2019) (en banc). Regardless, the district court did not plainly err in admitting these messages. *See* Fed. R. Evid. 404(b)(2).

and rely in substantial part on materials outside the record. *See Ruvalcaba-Garcia*, 923 F.3d at 1191 ("[Q]uestions about the correctness of an expert's conclusions are a matter of weight, not admissibility." (internal quotation marks omitted)); *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003) ("Save in unusual circumstances, we consider only the district court record on appeal.").

4. The district court did not plainly err by failing to address *sua sponte* testimony from Detective Yurek that Pincombe contends was false. To prevail on a claim of false testimony, a defendant must show: "(1) the testimony (or evidence) was actually false, (2) the prosecution knew or should have known that the testimony was actually false, and (3) . . . the false testimony was material." *United States v. Bingham*, 653 F.3d 983, 995 (9th Cir. 2011) (quotations omitted).

Detective Yurek's testimony that he did not initiate sexual discussions with Pincombe was not "actually false." The full context of Detective Yurek's testimony was that he *responded* to Pincombe's sexually explicit Craigslist ad, meaning the ad—not Detective Yurek's reply—was the start of the conversation. A dispute as to the proper characterization of Detective Yurek's messages does not rise to the level of "actually false" testimony. *See id.* (holding that a prior inconsistent statement is not enough to show testimony was actually false); *United States v. Houston*, 648 F.3d 806, 814 (9th Cir. 2011) (noting that evidence "creating an inference of falsity" does not demonstrate that testimony was actually false).

4

Regardless, Pincombe has not shown that the allegedly false testimony was material. Materiality turns on "whether there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *Hayes v. Brown*, 399 F.3d 972, 984 (9th Cir. 2005) (en banc) (quotations omitted). The full conversation between Detective Yurek and Pincombe was admitted into evidence and read to the jury, and Pincombe cross-examined Detective Yurek on this issue. *See United States v. Renzi*, 769 F.3d 731, 752 (9th Cir. 2014) (holding that defendant failed to prove materiality prong where defense counsel effectively attacked witnesses' credibility on cross-examination).

5. Pincombe's challenge to the sufficiency of the evidence fails. The evidence, viewed in the light most favorable to the prosecution, would allow a "rational trier of fact [to] have found" guilt beyond a reasonable doubt. *United States v. Mincoff*, 574 F.3d 1186, 1192 (9th Cir. 2009) (quotations omitted).

6. The government concedes that Pincombe's conviction on Count 3 (receipt of child pornography) should be vacated because of instructional error and potential Double Jeopardy concerns. Given this concession, we vacate Pincombe's conviction on Count 3 and remand for resentencing on Counts 1 and 2. Because we remand for resentencing, we do not address Pincombe's other arguments concerning his sentence and the conditions of supervised release.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**