## Richmond.

### BROWN v. COMMONWEALTH.

#### November 10th, 1892.

1. CRIMINAL PROCEEDINGS—*Arson—Corpus delicti.*—There should be no conviction where the *corpus delicti* is not proved with particular clearness and certainty.

2. IDEM—*Case at bar.*—Where all the evidence is purely circumstantial, and the circumstances themselves are not satisfactorily proved, and are insufficient to establish clearly that the fire was of incendiary origin, and, if so, then to prove the guilt of the accused, though at third trial one detective testified to admissions made to him about the time of the fire which he never mentioned at either of the previous trials, though he was a witness at both, and another detective testified to admissions made to him in jail since the second trial, when he was kept in the accused's cell for several days and nights, ostensibly as a murderer, and acknowledging his guilt to the accused—

HELD:

> The admissions being susceptible of an innocent construction, and the testimony of the detectives being replete with suspicion, the verdict of guilty should be set aside as unwarranted.

Error to judgment of circuit court of Franklin county, affirming judgment of county court of said county, rendered at its August term, 1891, whereby the plaintiff in error, William Brown, was, according to the verdict of the jury in the trial of an indictment against him for arson, sentenced to death by hanging. This case has twice been before this court on writs of error. See 86 Va., p. 935, and 87 Va., p. 215. Opinion states the case.

*Geo. E. Dennis,* for plaintiff in error.

*Attorney-General R. Taylor Scott,* for commonwealth.

FAUNTLEROY, J., delivered the opinion of the court.

This is the *third* time that this case has come under review in this court. On the writ of error awarded by this court to the second trial, a new trial was awarded on the ground of the insufficiency of the evidence, in the record, to establish the *corpus delicti* charged in the indictment; or to connect the accused with the perpetration of the offence, even admitting that the *corpus delicti* had been established with "clearness and certainty." Bishop on Crim. Prac., sections 1058 and 1059.

The case is reported in 86 Va. (11 Hansbrough), p. 935, and 87 Va. (12 Hansbrough), pages 215–221. On page 220 of the latter, this court said: "This is all the evidence of the commonwealth to prove the *corpus delicti;* and it is insufficient, plainly and palpably, to establish, to the exclusion of reasonable doubt, that the fire was incendiary in its origin, and was not accidental. But, admitting that the evidence reasonably and sufficiently proves the *corpus delicti*, there is not sufficient evidence to connect the prisoner with the perpetration of the offence, for which other agents have been tried, convicted, and hung. All the evidence in this record against the plaintiff in error is purely circumstantial; and the *circumstances*, themselves, are not fully and satisfactorily proved; and, even though they were fully proved, they do not, taken separately or all together, prove the guilt of the accused to the exclusion of every reasonable hypothesis consistent with his innocence. At the most, they create only a suspicion against him; which is plainly insufficient to warrant the verdict of 'guilty' found against him by the jury, and the sentence of *death* pronounced against him by the court. The record shows that a dozen others, beside the plaintiff in error, are suspected; and, of these, *three* have been condemned to be hanged for the offence." See *Anderson's*

*Case*, 83 Va. 329; *Johnson's Case*, 29 Gratt. 796; *Grayson's Case*, 6 Gratt. 712, and 7 Gratt. 613; *Dean's Case*, 32 Gratt. 912; Starkie on Evidence, Vol. 7, p. 481–534.

There is nothing in the record of this *third* trial (now under review, to alter the case, or to make inapposite the foregoing commentary of this court in reviewing the *second* trial. The attorney-general, in his printed brief of argument for the commonwealth, says: "Your honors must, again, review and weigh the evidence, and value it. You will find some additions to the former testimony by the commonwealth, and Brown, but *these additions do not materially change the case.*"

The only variation in the evidence for the commonwealth, upon the *third* trial, was the statement of the hired *detective*, Henry Edwards, of admissions of the accused, which, he says, were made to him at or about the time of the occurrence of the fire, and which were, he says, taken down, at the time, in a written memorandum made by him, of the existence of which he never spoke upon either of the *two* former trials, and which he claims now, for the first time, to have remembered and found, upon the *third* trial, to convict the prisoner, and to attest his own detestable calling. And, also, the evidence of Robert Clay, another negro detective, the hired creature of Henry Edwards, of admissions alleged to have been made to him, since the second trial, by the prisoner, in jail. This hired and subservient agent and creature, Robert Clay, was put into the cell of the prisoner (by whose authority, or with whose permission or collusion does not appear), and was kept there for three days and four nights, ostensibly as a murderer; and he says himself: "He, the prisoner, asked me if I was guilty of the murder? *I told him I was.*" Without dilating upon the modern iniquity and illegal inquisition of forcing prisoners (innocent in the eyes of the law, helpless in their cells, suffering the loss of liberty, and separated from

their families and friends) to undergo attempts made upon their lives by reptile spies, whose paid and professional undertaking is to *furnish* ready-made and requisite *admissions* of guilt, it is enough to say that the new evidence is totally insufficient to warrant the conviction of the prisoner. The alleged admissions were not distinct and specific, and are susceptible of an innocent construction; while the whole of the evidence of these paid emissaries is replete with suspicion withal. "There is abundant authority, and little dissent to the proposition, that extra-judicial confessions alone—uncorroborated by other evidence—are inadequate to establish the *corpus delicti.*" "On the whole, the doctrine may be said to be, that special care should be exercised as to the *corpus delicti;* and there should be no conviction, except where this part of the case is proved with particular clearness and certainty." Bishop on Crim. Prac., sections 1058 and 1859.

Of course, it was the *undertaking* of these detectives to *furnish* evidence to hang the prisoner; but not only are the so-called admissions of the prisoner insufficient to warrant the taking of the life of the prisoner, but they admit of an innocent construction; while Clay, the hired tool of the spy and detective, Edwards, expressly and squarely admits that he deliberately and unqualifiedly *lied.* And the so-called memorandum, which Edwards says he made, at the time, and never spoke of or referred to upon either of the two former trials, but conveniently *found* just before the third and last trial of his victim, is, obviously, upon its face, a fabrication. It is dated October 26th, 1889, and it is headed, "To the Council of Rocky Mount, Va., of the *latties* news of Brown case." Whereas, at the date specified and heading the paper, there was no such case as the "*Brown case.*"

We are of opinion that the evidence is wholly insufficient to warrant the verdict of guilty found by the jury against the prisoner; that the trial court erred in refusing the motion to

Opinion.

set it aside, and to grant to the prisoner a new trial, and in entering judgment upon the verdict and pronouncing sentence of death upon the prisoner. Our judgment is to reverse the judgment complained of by the plaintiff in error, and to remand the case to the county court of Franklin county for a new trial.

Lewis, P., and Hinton, J., concurred in the result.

Lacy, J., *dissented.*

Judgment reversed.