COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judges Beales and AtLee
Argued at Richmond, Virginia

MICHAEL THOMAS TERLECKI

               OPINION BY
v.   Record No. 1681-14-2    CHIEF JUDGE GLEN A. HUFF
                 JUNE 16, 2015
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
Gordon F. Willis, Judge

   Norman A. Thomas (Lavonda N. Graham-Williams; Norman A.
   Thomas, PLLC; Law Office of Lavonda N. Graham-Williams,
   Esq., on briefs), for appellant.

   Christopher P. Schandevel, Assistant Attorney General (Mark R.
   Herring, Attorney General, on brief), for appellee.


After a bench trial in the Circuit Court of the City of Fredericksburg ("trial court"),

Michael Thomas Terlecki ("appellant") was found guilty of possession of child pornography, in

violation of Code § 18.2-374.1:1(A), and sentenced to three years' incarceration with two years

and four months suspended. On appeal, appellant presents two assignments of error:

   1. The trial court erred in failing to grant . . . appellant's motions
     to strike, because the Commonwealth failed to present
     sufficient competent evidence to prove that the alleged images
     depicted an actual person, as definitional[l]y required by . . .
     Code § 18.2-374.1(A), or otherwise prove his possession of
     child pornography.

   2. The trial court erred in convicting . . . appellant of a violation
     of . . . Code § 18.2-374.1:1(A), to-wit, possession of child
     pornography, because the Commonwealth failed to prove that
     the images depicted an actual person, that . . . appellant
     possessed the images, that his admissions constituted a
     "confession," or, otherwise, prove the corpus delicti of the
     alleged offense.

For the following reasons, this Court affirms the rulings of the trial court.

## I. BACKGROUND

On appeal, "'we consider the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'" Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*) (quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)). So viewed, the evidence is as follows.

In August 2012, appellant "lent" his Dell laptop to his then-girlfriend, Michelle Humphries ("Humphries"), to "use . . . during the day while [appellant] was at work." Humphries testified that she was "looking through his photo files" when she noticed that his recycle bin was full. Humphries opened the recycle bin and found "multiple files of pornography." Humphries testified in detail regarding the images she found on appellant's computer. One file contained images of "minors who were – who were naked or otherwise engaged in some form of sexual activity . . . ." Specifically, the images displayed "young teenage girls masturbating." Additionally, "there was one photo of a girl in her early teens . . . who was being held down by a group of men and they had inserted a champagne bottle into her vagina." Humphries also testified that "[t]here were probably at least 20 photos in all" and that her determination of the girls' ages was based on the fact that she has "three younger sisters" and is therefore "aware of developmental stages." Continuing, she stated that "it was very obvious to me in a couple of the photos that they were pre-pubescent and that they hadn't developed breasts . . . or body hair yet."

After discovering the images, Humphries confronted appellant with a friend, at which point appellant admitted that he used the images for sexual gratification, including masturbation. After appellant "agreed that he would find a counselor who specialized in sexual addiction and that he would abstain from *downloading any more* pornographic material of that nature," Humphries took no further action at that time. In May 2013, however, Humphries discovered more pornographic

- 2 -

images on appellant's computer. She described them as "the same" as the images she had seen in August 2012 – "young teens masturbating or otherwise engaged in sexual activity." After Humphries again confronted appellant, the couple broke off their relationship. Two months later, Humphries anonymously reported appellant because she feared "what could happen if [she] didn't say anything."

On cross-examination, Humphries admitted that she was not an expert in computer-generated imagery, but testified that the pictures were not fuzzy but "clear" and that they "looked human" and were not "a cartoon or a likeness." On redirect, Humphries testified that the images did not "appear to be computer generated in any way" and "appeared to be real people."

During the last week of June 2013, appellant destroyed his laptop and threw it into a dumpster. Around that same time, Detective Carlos Reyes ("Reyes") of the Fredericksburg Police Department received a tip regarding a possible possession of pornography case, causing Reyes to meet with Humphries. Reyes then went to appellant's place of employment, and appellant agreed to come back to the police station for a voluntary interview.

In the interview, which was recorded, appellant acknowledged that Humphries had found child pornography on his computer in August 2012 and that he admitted to her that he looks at child pornography. Appellant stated that he has been viewing child pornography since he was ten or eleven years old and that the last time he looked at child pornography was on June 26, 2013, the day before he went to a Sexaholics Anonymous meeting. Appellant also stated that he had destroyed the computer which contained the images and threw it into a dumpster in the last week of June.

Reyes specifically asked appellant what he meant by the term "child pornography," to which appellant responded that he had been looking at pictures of small children ranging in ages from eight to seventeen. Appellant claimed that some of the pictures showed "little girls" performing oral

sex on grown men.  Throughout the interview, appellant never indicated to Reyes that the images on his computer had been computer-generated, cartoons, or anything other than actual children.

At the close of the Commonwealth's evidence, appellant moved to strike, arguing that the evidence, which did not contain the actual images, did not prove that the images depicted "an actual person."  Appellant also argued that he gave no confession during the interview, but rather his statements were "merely an admission."  Finally, appellant argued the evidence failed to prove he actually possessed the images.  After denying appellant's motion to strike the evidence at the close of the Commonwealth's case and renewed motion to strike at the close of all the evidence, the trial court found appellant guilty of possession of child pornography, in violation of Code § 18.2-374.1:1(A).  This appeal followed.

## II.  ANALYSIS

### A.  Sufficiency of the Evidence

On appeal, appellant contends that the trial court erred by failing to grant appellant's motions to strike the evidence.  Specifically, appellant argues that the evidence failed to show 1) that the "images depicted an actual person," and 2) that appellant "possess[ed]" the images.

Our standard for reviewing the sufficiency of the evidence is firmly established:

> [W]hen the sufficiency of the evidence is challenged on appeal, the evidence and all reasonable inferences fairly drawn therefrom must be viewed in the light most favorable to the Commonwealth.  The trial court's judgment should be affirmed unless it appears that it is plainly wrong or without evidence to support it.

Spencer v. Commonwealth, 238 Va. 275, 283, 384 S.E.2d 775, 779 (1989) (citations omitted).

Additionally, under this familiar standard of review, "[a]n appellate court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'"  Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (emphasis in original) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)).  "Rather, the relevant

- 4 -

question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. Therefore, this Court will not disturb the fact finder's determination of the credibility of witness testimony unless, "as a matter of law, the testimony is inherently incredible." Walker v. Commonwealth, 258 Va. 54, 70-71, 515 S.E.2d 565, 575 (1999). Indeed, "[t]he living record contains many guideposts to the truth which are not in the printed record," and an appellate court, not having the benefit of these guideposts, "should give great weight to the conclusions of those who have seen and heard them." Bradley v. Commonwealth, 196 Va. 1126, 1136, 86 S.E.2d 828, 834 (1955).

Code § 18.2-374.1:1(A) provides that "[a]ny person who knowingly possesses child pornography is guilty of a Class 6 felony." Child pornography is defined as "sexually explicit visual material which utilizes or has as a subject an identifiable minor." Code § 18.2-374.1(A). The phrase "an identifiable minor" is further defined as

> a person who was a minor at the time the visual depiction was created, adapted, or modified . . . and is recognizable as an actual person by the person's face, likeness, or other distinguishing characteristic, such as a unique birthmark or other recognizable feature . . . .

Id. "In order to convict a person for possession of child pornography," therefore, "the Commonwealth must prove beyond a reasonable doubt that the individual 'knowingly possesse[d] sexually explicit visual material utilizing or having as a subject a person less than 18 years.'" Kromer v. Commonwealth, 45 Va. App. 812, 817, 613 S.E.2d 871, 873 (2005) (quoting Code § 18.2-374.1:1).

### 1. Identifiable Minor

First, appellant challenges that the evidence was sufficient to show "that the images depicted an identifiable minor" or "actual person." Code § 18.2-374.1(A). Specifically, appellant argues that the evidence failed to exclude the possibility that the subjects in the images

were not actual people, but were computer-generated images. To establish that the subject depicts an identifiable minor under Code § 18.2-374.1(A), the evidence must demonstrate that the subject is "recognizable as an actual person by the person's face, likeness, or other distinguishing characteristic, such as a unique birthmark or other recognizable feature." Notwithstanding, the evidence need not prove "the actual identity of the identifiable minor." Id.

In support of his argument, appellant relies heavily on the fact that none of the images were admitted into evidence. Appellant also cites to a multitude of federal circuit court and district court cases wherein convictions for possession of child pornography were upheld despite challenges to the fact finder's competency to determine whether an image depicts an actual person. See, e.g., United States v. Bynum, 604 F.3d 161, 166-67 (4th Cir.), cert. denied, 560 U.S. 977 (2010); United States v. Salcido, 506 F.3d 729, 734 (9th Cir. 2007); United States v. LaFortune, 520 F.3d 50, 54 (1st Cir.) ("[W]e have rejected the argument that factfinders cannot rely on their own evaluation of the images at issue to determine whether they depict actual or virtual children."), cert. denied, 555 U.S. 871 (2008).

It is true that, in each of the cases cited by appellant, the actual images of child pornography were admitted into evidence and served as the basis for the convictions. Indeed, when such images are admitted at trial, it is generally recognized "'that pornographic images themselves are sufficient to prove the depiction of actual minors.'" Bynum, 604 F.3d at 166 (quoting Salcido, 506 F.3d at 734). None of the cases appellant cites, however, support the proposition that the images *must* be admitted before it can be proved that the subjects of the images were actual persons. Rather, the cases universally stand for the proposition that a trier of fact is competent to determine whether pornographic images depict actual people simply by looking at the images themselves. United States v. Irving, 452 F.3d 110, 122 (2d Cir. 2006) ("[A] reasonable jury could conclude that the images depicted real children solely on the basis of

the images themselves."); <u>United States v. Slanina</u>, 359 F.3d 356, 357 (5th Cir.) ("[T]he Government was not required to present any additional evidence or expert testimony to meet its burden of proof to show that the images downloaded by [the defendant] depicted real children, and not virtual children."), <u>reh. en banc denied</u>, 2004 U.S. App. LEXIS 3925, <u>cert. denied</u>, 543 U.S. 845 (2004); <u>United States v. Fuller</u>, 77 Fed. Appx. 371, 380 (6th Cir. 2003) ("[H]aving viewed the images in question, the jury was in a position to draw its own conclusions about whether they depicted actual children." (citing <u>United States v. Deaton</u>, 328 F.3d 454, 455 (8th Cir. 2003))).

While the images in the present case were not admitted into evidence, that does not foreclose the possibility of the Commonwealth meeting its burden of proof by other competent evidence. Indeed, the cases upon which appellant relies demonstrate that laypersons can make judgments regarding whether the subjects depicted in images are actual people or computer generated simply by viewing the images. Accordingly, the Commonwealth presented evidence to this effect through Humphries's testimony. Humphries testified that she found multiple photographs depicting minors that had been "downloaded" onto appellant's computer. Humphries described the photographs in detail as showing "young teenage girls masturbating," and one photograph of a group of men holding down a girl "in her early teens" with a champagne bottle inserted into the girl's vagina. Then, after being challenged on her ability to distinguish computer-generated images and photographs of real people, Humphries testified that the images were "clear photographs," that the children depicted in them "looked human," and that "it wasn't a cartoon or a likeness . . . ." Additionally, she testified that the images did not appear to be computer generated "in any way" and appeared to show "real people."

Appellant nevertheless challenges this testimony as being insufficient to establish that the images depicted actual people. Specifically, appellant points to the language of Code

§ 18.2-374.1(A) that requires the minor to be "recognizable as an actual person by *the person's face, likeness, or other distinguishing characteristic, such as a unique birthmark or other recognizable feature*." (Emphasis added). Appellant argues that Humphries's testimony fails to identify any recognizable feature and, therefore, fails to prove under Code § 18.2-374.1(A) that the images depicted actual minors.

The Commonwealth's evidence did not end with Humphries's testimony, however. The recording of appellant's interview with Reyes was also admitted into evidence. In this interview, appellant acknowledged that Humphries found images on his computer and subsequently confronted him about it. Appellant stated that the images were child pornography, and acknowledged that they depicted "small children from the ages of . . . eight to seventeen."[1] Appellant specifically stated that some of the images depicted "little girls" who were "performing fellatio" on "grown men's penises." In order to know that the girls are performing fellatio, the images necessarily required the children's faces to be depicted, thereby making them "recognizable as . . . actual person[s]." Code § 18.2-374.1(A) (requiring the minor to be "recognizable as an actual person by *the person's face,* likeness, or other distinguishing characteristic . . ." (emphasis added)).[2]

Accordingly, after viewing Humphries's testimony and appellant's recorded interview in the light most favorable to the Commonwealth, this Court concludes that the evidence was

---

[1] Notably, computer-generated people do not have ages. Indeed, "[n]ormal usage and common sense suggest that describing a person as a 'minor' or a 'child' indicates [that] the subject is a real person, unless there is some limiting language such as 'appears to be,' 'virtual,' or 'computer-generated.'" United States v. Martens, 59 M.J. 501, 509 (A.F.C.C.A. 2003).

[2] Appellant argues that Humphries did not similarly describe the images as depicting minors performing fellatio on adult men and, therefore, his description of the images in the recorded interview were not the same images for which he is being charged. Humphries, however, testified that there were "at least 20 photos" on appellant's computer. Simply because Humphries and appellant did not describe the same photos does not mean they were talking about different collections of photographs.

- 8 -

sufficient for a reasonable trier of fact to conclude that the images depicted "identifiable minors" as their subject.

## 2. Possession

Next, appellant argues that the evidence was insufficient to demonstrate that appellant knowingly possessed the images Humphries discovered on his computer. This Court first addressed what is required in order to "possess" computer images in Kromer, 45 Va. App. 812, 613 S.E.2d 871. In Kromer, this Court noted that the case "appear[ed] to be . . . consigned to the new and evolving area of computer technology," but it nevertheless "examine[d] [the] case under familiar principles of constructive possession of contraband." 45 Va. App. at 818, 613 S.E.2d at 874.

"In order to convict a person of illegal possession of contraband, 'proof of actual possession is not required; proof of constructive possession will suffice.'" Id. at 819, 613 S.E.2d at 874 (quoting Maye v. Commonwealth, 44 Va. App. 463, 483, 605 S.E.2d 353, 363 (2004)). To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the [contraband] and that it was subject to his dominion and control." Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (citation omitted). "Ownership or occupancy of the premises on which the contraband was found is a circumstance probative of possession." Kromer, 45 Va. App. at 819, 613 S.E.2d at 874 (citing Archer v. Commonwealth, 26 Va. App. 1, 12, 492 S.E.2d 826, 832 (1997)).

In the present case, appellant argues that his other roommates had access to the laptop and, therefore, could have been the ones to download the images. Additionally, appellant argues that the evidence did not establish he did anything more than simply view the images online

without downloading them. The issue regarding possession, however, is not concerned with who downloaded the images, but whether appellant was aware of their presence and character, and whether he exercised dominion and control over them. When viewed in this context, the evidence in the present case established that Humphries discovered the images in the recycling bin of appellant's computer. Then, after confronting him, appellant "told . . . the truth" by admitting that he used the images for sexual gratification and promised to abstain from "downloading" any more pornography in the future. This evidence alone is sufficient to uphold the finding that appellant possessed the images. First, it establishes he was aware that they had been downloaded onto his computer – thereby making him aware of their presence and nature. Second, he accessed them for sexual gratification – thereby exercising dominion and control over them. Appellant's argument that his roommates also had access to his computer is of no avail because contraband can be possessed by more than one person simultaneously. Harrison v. Commonwealth, 12 Va. App. 581, 584-85, 405 S.E.2d 854, 857 (1991) ("Possession need be neither exclusive [n]or actual; it is sufficient 'that the controlled substance involved was subject to [the defendant's] dominion or control.' . . . Thus, a person may constructively possess drugs owned by another." (quoting Gillis v. Commonwealth, 215 Va. 298, 302, 208 S.E.2d 768, 771 (1974))).

Furthermore, the Commonwealth also admitted evidence that appellant destroyed his laptop by throwing it into a dumpster. Although it is not clear that appellant destroyed his laptop in an effort to avoid detection by law enforcement officers, given the testimony that he did not know he was under investigation by law enforcement at the time, his act of throwing the laptop in the dumpster *does* show that appellant was aware that his laptop contained images of child pornography and that he exercised dominion and control over them.

Accordingly, this Court holds that the evidence was sufficient to establish that appellant possessed the images found on his laptop.

## B. Corpus Delicti

In his second assignment of error, appellant contends that the trial court erred in convicting appellant under Code § 18.2-374.1:1(A). Specifically, appellant argues that appellant's statements in the video with Reyes did not constitute a "confession" and the evidence otherwise fails to prove the corpus delicti of the offense.

While the origin of the corpus delicti rule can be traced back at least as far as seventeenth century England, see Perry's Case (1660), 14 Howell St. Tr. 1312, 1312-24 (Eng.),[3] it took root in the United States in the early 1800's, see Trial of Stephen and Jesse Boorn, 6 Am. St. Tr. 73, 73-95 (1819).[4] In Virginia, it was long ago recognized that "it is 'essential' in a criminal prosecution that the Commonwealth must prove the corpus delicti, that is, 'that a [crime] has been committed.'" Allen v. Commonwealth, 287 Va. 68, 74, 752 S.E.2d 856, 859 (2014) (quoting Smith v. Commonwealth, 62 Va. (21 Gratt.) 809, 813, 819 (1871)). It is from this principle that the "corpus delicti rule" has been established "for when the Commonwealth seeks to prove the existence of a crime by means of the accused's extrajudicial confession." Id. (citing Brown v. Commonwealth, 89 Va. 379, 382, 16 S.E. 250, 251 (1892)). This rule provides that "'an accused cannot be convicted solely on his uncorroborated extrajudicial admission or confession.'" Id. (quoting Watkins v. Commonwealth, 238 Va. 341, 348, 385 S.E.2d 50, 54 (1989)). Instead, "'*slight corroboration* of the confession is required to establish corpus delicti beyond a reasonable doubt.'" Id. (emphasis in original) (quoting Cherrix v. Commonwealth, 257 Va. 292, 305, 513 S.E.2d 642, 651 (1999)).

---

[3] 14 T.B. Howell, A Complete Collection of State Trials (London, T.C. Hansard 1816).

[4] John D. Lawson, American State Trial (1916).

In the present case, however, appellant contends that he never made a confession to possession of child pornography, but rather only an admission. "A confession is 'a statement admitting or acknowledging all facts necessary for conviction of the crimes' charged, while an admission admits of 'facts tending to prove guilt but falling short of an admission to all essential elements of the crime.'" Claxton v. City of Lynchburg, 15 Va. App. 152, 155, 421 S.E.2d 891, 893 (1992) (quoting Caminade v. Commonwealth, 230 Va. 505, 510, 338 S.E.2d 846, 849 (1986)).

Assuming without deciding that appellant's statements were admissions, not a confession, this Court affirms appellant's conviction because the Commonwealth otherwise established the corpus delicti of the crime through appellant's recorded interview and Humphries's testimony. See Allen, 287 Va. at 74, 752 S.E.2d at 859 (In all criminal prosecutions, "the Commonwealth must prove the corpus delicti, that is, 'that a [crime] has been committed.'" (quoting Smith, 62 Va. (21 Gratt.) at 819). As such, appellant's argument fails.

## III.  CONCLUSION

Therefore, this Court affirms appellant's conviction for possession of child pornography, in violation of Code § 18.2-374.1:1(A).

Affirmed.