COURT OF APPEALS OF VIRGINIA

Present: Judges Athey, Causey and Callins

TERRELL MALIK UPSON

v.      Record No. 1049-23-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
MAY 7, 2024

FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
Gordon F. Willis, Judge

(G. Price Koch; Spencer, Meyer & Koch, PLC, on brief), for
appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Craig W. Stallard, Senior
Assistant Attorney General, on brief), for appellee.

UNPUBLISHED

A jury convicted Terrell Malik Upson of possession of child pornography under Code

§ 18.2-374.1:1. The trial court imposed a sentence of five years, with three years and six months

suspended, along with supervised probation and sex offender registration. Upson appeals that

conviction and argues that the trial court erred in denying his motion to strike. After examining the

briefs and record in this case, the panel unanimously holds that oral argument is unnecessary

because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

In April 2021, Matthew Soeffing and Upson lived together in Fredericksburg as romantic partners.[2] Soeffing knew Upson's phone password. On April 15, 2021, when Soeffing arrived home from work, he found Upson asleep in bed and Upson's phone on a nearby dresser. He searched Upson's phone and found in the deleted photos folder three images of pornography involving a child.[3] Soeffing used his own phone to take pictures of the images on Upson's phone.

On April 17, 2021, Soeffing brought the images to law enforcement; he testified he did not alter the images on his phone in any way. He also testified that he did not "plant" those images on Upson's phone. Soeffing gave law enforcement his phone, the password to use that phone, and escorted the officers to his and Upson's home. Upson was not home at the time.

Police went to Upson's family member's house looking for him. An hour after police contacted Upson's family, Upson called the police department. He apparently believed the police visit related to an altercation with a family member or Soeffing. The officer told him that he was not being accused of either of those claims, but rather "some type of abuse."

Detective Boyle interviewed Upson in person at the police department 20 minutes after the call; Upson denied being in possession of any child pornography. Detective Boyle seized Upson's phone at the end of the interview. After obtaining a search warrant, Detective Lovett, a phone

[1] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party [below]." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). This standard requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn [from that evidence]." *Bagley v. Commonwealth,* 73 Va. App. 1, 26 (2021) (alteration in original) (quoting *Cooper v. Commonwealth*, 54 Va. App. 558, 562 (2009)).

[2] The relationship ended before trial.

[3] There is no dispute on appeal that the relevant images are pornography involving a child.

- 2 -

extraction specialist, used a program called Cellebrite to make a forensic copy of all the data on Upson's and Soeffing's phones. The data confirmed that the pictures on Soeffing's phone were created in the morning of April 15, 2021, just as he told police. The pictures on Soeffing's phone showed that the pornographic images on Upson's phone were contained between two other photographs: a "selfie" photo of an adult male taken on April 6, 2021, and a photo of Soeffing taken on April 9, 2021. The pornographic images were dated April 8, 2021.

The data on Upson's phone confirmed that on April 15, 2021, the phone was physically located at Upson and Soeffing's home. The April 6 and April 9 photographs were on Upson's phone, but the pornographic images between them were missing. The data on Upson's phone showed that on April 8, 2021, the camera application was used six times between 6:01 p.m. and 6:08 p.m. John Hirt, an expert forensic scientist specializing in analyzing phone data, testified that photos in a deleted folder will be fully erased automatically after 30 days or after manual deletion. The data is unrecoverable at that point.

At the end of the Commonwealth's evidence, Upson moved to strike, arguing that the evidence failed to establish that he *knowingly* possessed child pornography. The trial court denied his motion. The jury found Upson guilty of the offense, and the trial court sentenced him to five years' incarceration with three years and six months suspended, along with supervised probation and sex offender registration. This appeal followed.

## ANALYSIS

Upson argues that the trial court erred in overruling his motion to strike because the Commonwealth's evidence failed to establish that Upson knowingly possessed the images of child pornography. "We apply a deferential standard of review to challenges based on the sufficiency of the evidence, and the decision of '[t]he lower court will be reversed only if that court's judgment is plainly wrong or without evidence to support it.'" *Otey v. Commonwealth*, 71

Va. App. 792, 797 (2020) (alteration in original) (quoting *Cartagena v. Commonwealth*, 68 Va. App. 202, 207 (2017)). "[T]he relevant question is, upon review of the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Clark v. Commonwealth*, 279 Va. 636, 641 (2010)).

"[A]ny fact that can be proved by direct evidence may be proved by circumstantial evidence." *Haskins v. Commonwealth*, 44 Va. App. 1, 6 (2004) (quoting *Etherton v. Doe*, 268 Va. 209, 212-13 (2004)). "[W]hile no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances . . . may lead a reasonable mind irresistibly to a conclusion." *Williams v. Commonwealth*, 71 Va. App. 462, 484-85 (2020) (alterations in original) (quoting *Commonwealth v. Moseley*, 293 Va. 455, 463 (2017)).

"Determining the credibility of witnesses . . . is within the exclusive province of the [fact finder], which has the unique opportunity to observe the demeanor of the witnesses as they testify." *Dalton v. Commonwealth*, 64 Va. App. 512, 525 (2015) (second alteration in original) (quoting *Lea v. Commonwealth*, 16 Va. App. 300, 304 (1993)). "[T]he conclusions of the fact finder on issues of witness credibility may be disturbed on appeal only when we find that the witness' testimony was 'inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" *Ragsdale v. Commonwealth*, 38 Va. App. 421, 429 (2002) (quoting *Ashby v. Commonwealth*, 33 Va. App. 540, 548 (2000)). "Evidence is not 'incredible' unless it is 'so manifestly false that reasonable men ought not to believe it' or 'shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Gerald v.*

*Commonwealth*, 295 Va. 469, 487 (2018) (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)).

Under Code § 18.2-374.1:1(A), "[a]ny person who knowingly possesses child pornography is guilty of a Class 6 felony." The principles governing a sufficiency claim involving proof of the defendant's constructive possession of contraband are well-settled. To establish knowing possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the [contraband] and that it was subject to his dominion and control." *Terlecki v. Commonwealth*, 65 Va. App. 13, 24 (2015) (alteration in original) (quoting *Drew v. Commonwealth*, 230 Va. 471, 473 (1986)). Upson argues that the evidence failed to establish that he took any action as to the photos, and therefore there was no evidence that the jury could rely on to find that he knowingly possessed the pornography. We disagree.

Soeffing testified that he found the photographs on Upson's phone, in the deleted folder. Soeffing's took photographs of those images, which showed they were created or received by Upson on April 8, 2021. Soeffing's photographs also showed where those images related to other photographs in the deleted folder in Upson's phone. Upson later learned that he was being accused of abuse. When police then seized his phone, the pornographic images were missing. But the data analysis showed that on April 8, 2021, Upson used his camera application six times.

The jury could have reasonably inferred from this evidence that on April 8, 2021, Upson used his camera application to create or receive the child pornography and then delete those pictures, putting them in the deleted folder, accounting for all six uses of his camera application on that day and corroborating the date shown on Soeffing's photographs. The jury also could have inferred that in the time between learning that he was being accused of abuse and his police

- 5 -

interview, he permanently deleted the pornographic photographs from his phone. These inferences necessarily establish that Upson knowingly possessed those images when he created or received them, deleted them, and then permanently deleted them. Because a reasonable finder of fact could conclude that Upson knowingly possessed images of child pornography on his phone, the trial court did not err in denying the motion to strike.

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*